**UNITED STATES of America on the relation of Alberta SINGLETON, Petitioner,**

**v.**

**Nina KINSELLA, Warden of the Federal Reformatory for Women, Alderson, West Virginia.**

**No. 2145.**

United States District Court
S. D. West Virginia.

Sept. 6, 1958.

Paul M. Friedberg, Charleston, W. Va., for relator.

Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., Percy H. Brown, Asst. U. S. Atty., Hinton, W. Va., Lt. Col. Peter S. Wondolowski, Judge Advocate General's Corps, United States Army, Washington, D. C., for respondent.

BEN MOORE, Chief Judge.

More than a year ago, the Supreme Court of the United States, on a rehearing, decided in the cases of Reid v. Covert (Kinsella v. Krueger), 1957, 354 U. S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148, that civilian dependents of members of the armed forces overseas in time of peace could not be tried by court-martial for capital offenses. Since that time, considering itself bound by that decision, this court granted a writ of habeas corpus in a case involving a trial by court-martial of such a civilian dependent for the unpremeditated murder of her husband, a non-capital offense. United States ex rel. Smith v. Kinsella, D.C.S.D. W.Va., No. 1963, unreported. Now petitioner asks the court to grant a writ of habeas corpus to free one Joanna S. Dial, convicted by court-martial of the non-capital offense of involuntary manslaughter of her one-year old son. She

was a civilian dependent of her husband, a member of the armed forces overseas. The offense was committed in Germany.

Counsel for respondent stated at the hearing that the case of United States ex rel. Smith v. Kinsella, supra, was not appealed because of a decision by army authorities that the distinction between it and the cases of Reid v. Covert (Kinsella v. Krueger) was not plain enough on which to seek clarification of the last mentioned decision. He, however, argued that this court should not grant the writ in this case for the following reasons:

(1) Only four of the Justices of the Supreme Court who participated in the decision in Reid v. Covert (Kinsella v. Krueger) held that *no* offense committed by civilian dependents of members of the armed forces overseas in time of peace may be tried by court-martial, whereas two of the other Justices limited their decision in this respect to capital offenses.

(2) That since the Supreme Court decision and since the decision of this court in the case of United States ex rel. Smith v. Kinsella, supra, two district courts, in cases involving civilians employed by the armed forces overseas, who were charged with and convicted of offenses less than capital offenses, have distinguished these cases and have discharged the writs. United States ex rel. Guagliardo v. McElroy, D.C.D.C.1958, 158 F.Supp. 171; Grisham v. Taylor, D.C.M.D.Pa.1958, 161 F.Supp. 112. These two cases are said to be pending upon appeal in their respective circuits.

(3) That the United States Court of Military Appeals, in the very case now under consideration, decided on August 26, 1958, that the court-martial had constitutional power to try Joanna S. Dial as a civilian dependent accompanying the army in West Germany.

It is, of course, known that the opinion of this court prior to the decision of the Supreme Court in the cases of Reid v. Covert (Kinsella v. Krueger) was that Congress had power under Article 1,

Section 8 of the Constitution of the United States to include civilian dependents accompanying the armed forces overseas as subjects of the Uniform Code of Military Justice, 10 U.S.C.A. § 801 et seq., and therefore properly triable by court-martial for infractions of that Code. In fact, one of those cases, Kinsella v. Krueger, was appealed from a decision of this court.

In the majority opinion of Mr. Justice Black reversing the case from this court and affirming the case of Reid v. Covert [354 U.S. 1, 77 S.Ct. 1223], he began by saying, "These cases * * * involve the power of Congress to expose civilians to trial by military tribunals, under military regulations and procedures, for offenses against the United States. * * *"

Had I regarded the offense committed by Mrs. Dorothy Krueger Smith as an offense against the United States (outside the Uniform Code of Military Justice) I would have been inclined to award her the writ here. However, it was and is my opinion that the only basis for defining murder by a civilian in Japan, Germany, or any other foreign sovereignty as a crime against the United States is that it is made so by the Uniform Code of Military Justice. If this be correct, then obviously, unless the inclusion of such civilian dependents as subjects of the Uniform Code of Military Justice be a constitutional exercise of Congressional power, such a crime committed in a foreign country is not a crime against the United States, but a crime against the foreign country where it may be committed.

However, the concurrence of six Justices of the Supreme Court in the affirmance of Reid v. Covert and the reversal of the companion case of Krueger v. Kinsella (styled Kinsella v. Krueger in the Supreme Court), indicates to me that these Justices all regarded crimes such as those I have mentioned as crimes against the United States. I can conceive of no other reason why they would have concluded that the persons accused in those cases had the constitutional

right to be tried in the civil courts of the United States. I believe that I am bound by that decision, much as I may disagree with it.

Moreover, I can think of no logical distinction, insofar as the constitutional power of Congress is concerned, between its asserted power, denied by the Supreme Court, to subject dependents of members of the armed forces overseas to the jurisdiction of courts-martial for capital offenses, and the like questioned power in cases of non-capital offenses. Of course, where matters of life or death are involved, the facts must be scrutinized closely and the decision carefully weighed; but when arrived at, the applicable principle applies alike in all similar cases.

Believing myself bound by the decision of the Supreme Court in the cases of Reid v. Covert (Kinsella v. Krueger), I will grant the writ prayed for and discharge Joanna S. Dial from custody.